

FILED
NOV 09 2009
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CLINT AMIOTTE, | * | Civ. 09- **3027** |
| Plaintiff, | * | |
| v. | * | **COMPLAINT** |
| ROY G. LEMMON, | * | |
| PTE HCA KA, INC., | | |
| TIMOTHY J. MCGREEVY, and | * | |
| MCGREEVY'S MIDWEST MEAT CO., INC., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff alleges:

## NATURE OF THE ACTION

1.      This is a civil action arising under the Racketeer Influenced and Corrupt

Organizations Act (RICO), 18 U.S.C. § 1964(a) and (c) (2006), with pendent State law claims.

Plaintiff seeks actual damages in the amount of at least $304,942.90 plus interest since August

31, 2006 for 308 head of Plaintiff's American Bison, also known as buffalo, that were stolen or

converted over the course of sixteen separate occasions in July and August of 2006, by or at the

direction of Defendant Roy Lemmon, Director of Defendant Pte Hca Ka, Inc., a corporation

chartered under the laws of the Cheyenne River Sioux Tribe (CRST).  At Lemmon's direction in

furtherance of a scheme to defraud Plaintiff, the buffalo were slaughtered alternately at the

Cheyenne River Indian Reservation and at a slaughterhouse in Omaha, Nebraska and the meat

then shipped to McGreevy's Midwest Meat Co., Inc. in Wichita, Kansas to fulfill a contract for

bison meat.  Despite affirmation of payment by McGreevys to Pte Hca Ka, Inc., Defendants Lemmon and Pte Hca Ka, Inc. misappropriated the proceeds and Plaintiff was never compensated for the buffalo.

## JURISDICTION

2.      This action arises under the laws of the United States as set forth in the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq. (2006).  A federal civil cause of action is conferred by 18 U.S.C § 1964(c).  This case, therefore, presents a federal question over which this Court may exercise subject matter jurisdiction under 28 U.S.C. § 1331 (2006).

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims under South Dakota common law and codified laws because all claims alleged herein arise out of a common nucleus of operative facts.

4.      Defendants are subject to the personal jurisdiction of this Court because the causes of action alleged herein arise out of or are related to Defendants' doing, personally or through employee(s) or agent(s) one or more of the following: (a) transaction of business within this State; (b) commission of acts resulting in the accrual within this State of a tort action; (c) the ownership, use or possession of property, or interests therein, situated within this State; (d) entering into a contract for services to be rendered or materials to be furnished in this State; commencing or participating in negotiations involving subject matter located in whole or in part within this state; and (e) otherwise engaging in purposeful minimum contacts with this state such that personal jurisdiction herein is consistent with due process.

## VENUE

5.      Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) (2006) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District within the boundaries of the Central Division.

## PARTIES

6.      Plaintiff Clint Amiotte is a resident of Interior, South Dakota.  His address is 26401 BIA #37, Interior, SD  57750.

7.      Defendant Roy G. Lemmon is a resident of Eagle Butte, South Dakota.  His last known address is P.O. Box 727, Eagle Butte, SD 57625-0727.

8.      Defendant Pte Hca Ka, Inc. is a business corporation chartered under the laws of the Cheyenne River Sioux Tribe (CRST), a federally recognized Indian tribe with a reservation in South Dakota.  Pte Hca Ka, Inc.'s principal office address is HC 3, P.O. Box 115B, Gettysburg, SD  67442.

9.      Defendant Timothy J. McGreevy is a resident of Wichita, Kansas and is a principal officer, shareholder, and registered agent for McGreevy's Midwest Meat Co., Inc.  His registered office address is 230 N. West Street, Wichita, KS  67203.

10.      Defendant McGreevy's Midwest Meat Co., Inc. is a Kansas corporation with principal business address of 230 N. West Street, Wichita, KS  67203-1203.

## FACTS

11.      Plaintiff is a rancher who raises cattle and American Bison (referred to interchangeably herein as bison or buffalo) on property he owns and additional property that he leases near Interior, South Dakota.

12.     Defendant Pte Hca Ka, Inc. is a business corporation founded in 1991 by Fred DuBray and chartered under the laws of the Cheyenne River Sioux Tribe (CRST) as a bison cooperative intended to benefit the Reservation economy and tribal culture by raising buffalo and selling their meat. The CRST transferred all assets and authority over the buffalo from the Land and Natural Resources Office and Extension Committee of the Tribal Council to Pte Hca Ka, Inc. on October 8, 1991, pursuant to Resolution #211-91-CR. Pte Hca Ka, Inc. is an independent business entity and not a political subdivision of the CRST.

13.     Pte Hca Ka, Inc. was reorganized beginning in or around 2001. Defendant Roy Lemmon was hired as the new Director in or around 2002.

14.     In July 2006, Plaintiff received a request by telephone from Defendant Roy Lemmon on behalf of Pte Hca Ka, Inc. to purchase buffalo from Plaintiff. Defendant Lemmon told Plaintiff the buffalo would be shipped to slaughter and their meat would be sold to McGreevy's Midwest Meat Co., Inc. in Wichita, Kansas to fulfill a Federal USDA contract to purchase bison meat. Defendant Lemmon agreed that Plaintiff would be paid a price of $1.85 per pound hot weight. Subsequently, on sixteen different occasions from July 18, 2006 through August 31, 2006, Lemmon removed or directed the removal from a stockyard of a total of 308 head of Plaintiff's buffalo and shipped them to slaughtering facilities alternately on the CRST Reservation and in Omaha, Nebraska. The shipments of buffalo totaled 164,834 pounds hot weight for which payment of $304,942.90 was due. According to documents Plaintiff received from Defendant Pte Hca Ka, Inc.:

15.     On July 18, 2006, Lemmon shipped five (5) of Plaintiff's buffalo totaling 4040 pounds live weight and 2287.3 pounds hot weight.

4

16.     On July 20, 2006, Lemmon shipped ten (10) of Plaintiff's buffalo totaling 7295 pounds live weight and 4381.4 pounds hot weight.

17.     On July 23, 2006, Lemmon shipped one hundred nine (109) of Plaintiff's buffalo not weighed for live weight but totaling 63,475 pounds hot weight.

18.     On July 25, 2006, Lemmon shipped ten (10) of Plaintiff's buffalo totaling 8540 pounds live weight and 5261 pounds hot weight.

19.     On July 26, 2006, Lemmon shipped six (6) of Plaintiff's buffalo not weighed for live weight but yielding 3011 pounds hot weight.

20.     On July 28, 2006, Lemmon shipped fourteen (14) of Plaintiff's buffalo not weighed for live weight but yielding 7168.1 pounds hot weight.

21.     On August 1, 2006, Lemmon shipped twelve (12) of Plaintiff's buffalo totaling 10,125 pounds live weight and 5,520.3 pounds hot weight.

22.     On August 3, 2006, Lemmon shipped twelve (12) of Plaintiff's buffalo totaling 9,985 pounds live weight and 5,600 pounds hot weight.

23.     On August 4, 2006, Lemmon shipped six (6) of Plaintiff's buffalo totaling 5,155 pounds live weight and 2,966.2 pounds hot weight.

24.     On August 15, 2006, Lemmon shipped twelve (12) of Plaintiff's buffalo totaling 11,180 pounds live weight and 6,177.3 pounds hot weight.

25.     On August 16, 2006, Lemmon shipped five (5) of Plaintiff's buffalo totaling 4,395 pounds live weight and 2,463.6 pounds hot weight.

26.     On August 21, 2006, Lemmon shipped four (4) of Plaintiff's buffalo totaling 3,245 pounds live weight and 1,802.8 pounds hot weight.

27.     On August 25, 2006, Lemmon shipped nine (9) of Plaintiff's buffalo totaling 8,295 pounds live weight and 4748.3 pounds hot weight.

28.     On August 29, 2006, Lemmon shipped nine (9) of Plaintiff's buffalo totaling 8,295 pounds live weight and 4,454.2 pounds hot weight.

29.     On August 30, 2006, Lemmon shipped five (5) of Plaintiff's buffalo totaling 4,830 pounds live weight and 2,719.5 pounds hot weight.

30.     On August 31, 2006, Lemmon shipped fourteen (14) of Plaintiff's buffalo totaling 13,175 pounds live weight and 7,652 pounds hot weight.

31.     According to Defendant Pte Hca Ka, Inc.'s records obtained by Plaintiff, 175 buffalo were shipped to O'Neill's, a slaughtering facility in Omaha, Nebraska, and 133 buffalo were shipped to Pte Hca Ka's slaughtering facility.  Lemmon and Pte Hca Ka, Inc. shipped and sold the resulting meat to McGreevy's Midwest Meat Co., Inc. in Wichita, Kansas.

32.     On or about July 28, 2006, Plaintiff received a check tendered by Pte Hca Ka, Inc. for $12,337.10.  Upon deposit, the check was returned for insufficient funds.  Plaintiff demanded actual payment from Defendants Lemmon and Pte Hca Ka, Inc.

33.     After multiple subsequent requests for payment, Plaintiff received a letter dated December 28, 2006 from Narcisse Rousseau, a new Interim Board Chairman of Pte Hca Ka, Inc., acknowledging that "our organization is very aware of the bill that we have with your company and would like to inform you that we have every intention of paying this bill in full."

34.     Plaintiff investigated the sale of the meat from his buffalo by Pte Hca Ka, Inc. to McGreevy's Midwest Meat Co., Inc. as represented by Roy Lemmon.  Plaintiff spoke by phone with the President of McGreevy's, Timothy J. McGreevy.  Mr. McGreevy acknowledged a contract to purchase bison meat and his company's purchase of the buffalo meat from Pte Hca

Ka, Inc. but refused to share any documentation of the transaction. In a letter dated January 4, 2007, Mr. McGreevy wrote to an attorney for Plaintiff acknowledging the agreement with Pte Hca Ka, Inc. to purchase meat to fulfill an order they had and stating that McGreevy's had paid Pte Hca Ka, Inc. for the meat purchased.

35.     In June 2009, Plaintiff received a $10,000 check tendered by the Comptroller of the CRST. Plaintiff sent a letter in response stating that the amount received would be applied toward interest accrued since August 31, 2006. In September 2009, Plaintiff received a $7,500 check drawn on Pte Hca Ka, Inc.'s account at American State Bank in Pierre, South Dakota. Plaintiff intends to apply such amount toward interest accrued since August 31, 2006. No further payment has been received.

36.     Defendant Lemmon, individually and on behalf of Pte Hca Ka, Inc. fraudulently misrepresented the terms of agreement in telephone calls with Plaintiff for purchase of buffalo by promising to pay $1.85 hot weight without actually intending to pay.

37.     Defendant Lemmon, individually and on behalf of Pte Hca Ka, Inc. intended to defraud Plaintiff by persuading him to surrender for delivery the 308 head of buffalo unlawfully taken and promising to pay $1.85 per pound hot weight. Plaintiff relied on Defendant Lemmon's misrepresentations by allowing the sixteen different shipments of buffalo. Defendant Lemmon, individually and on behalf of Pte Hca Ka, Inc. did not pay and never intended to pay Plaintiff for the 308 head of buffalo taken from Plaintiff.

38.     Defendants Lemmon and/or Pte Hca Ka, Inc., on information and belief, received proceeds of the sale of Plaintiff's buffalo which were to be paid and delivered to Plaintiff, but such Defendants misappropriated, misapplied and paid out and transferred such proceeds to persons or entities other than Plaintiff with intent to hinder, delay or defraud Plaintiff.

39.     Defendant Pte Hca Ka, Inc. is an enterprise engaged, directly or indirectly, in interstate commerce by engaging in the interstate purchase and sale of buffalo and buffalo meat.

40.     Defendant McGreevy's Midwest Meat Co., Inc. is an enterprise engaged, directly or indirectly, in interstate commerce by engaging in the interstate purchase and sale of meat.

41.     Defendant Lemmon used Pte Hca Ka, Inc. as an enterprise to steal or convert buffalo from Plaintiff, sell their meat to McGreevy's Midwest Meat Co., Inc., and steal or convert the proceeds thereof.  Defendant Lemmon transported or directed the transport of more than $5,000 in stolen or converted goods in interstate commerce from South Dakota and Nebraska to McGreevy's Midwest Meat Co., Inc. in Kansas.  He individually and on behalf of Pte Hca Ka, Inc. used the United States mail and telephone lines to communicate with Plaintiff, the stockyards, and with McGreevy's Midwest Meat Co., Inc., to place orders, arrange delivery, and arrange and receive payment for the shipped buffalo and meat and to convert and transfer the proceeds thereof to persons or entities other than Plaintiff.

42.     Defendants Lemmon and Pte Hca Ka, Inc. used income derived from a pattern of racketeering activity to invest in or operate an enterprise engaged in interstate commerce by arranging the fraudulent conversion of buffalo from Plaintiff in South Dakota, their subsequent slaughter in Nebraska and South Dakota, the sale of their meat to McGreevy's Midwest Meat Co., Inc. in Kansas, and the fraudulent conversion and transfer of the sale proceeds of Plaintiff's buffalo with intent to hinder, delay or defraud Plaintiff.

43.     Defendants Lemmon and Pte Hca Ka, Inc. maintained an interest or control of an enterprise engaged in or activities which affect interstate commerce through a pattern of racketeering activity established by the fraudulent conversion or theft of buffalo on sixteen

different occasions between July 18 and August 31, 2006, as well as the fraudulent conversion and transfer(s) of the sale proceeds thereof.

44.     Defendants Lemmon and Pte Hca Ka, Inc. conducted the affairs of an enterprise engaged in interstate commerce through a pattern of racketeering activities by arranging the fraudulent conversion or theft of buffalo from Plaintiff on sixteen different occasions between July 18 and August 31, 2006, selling their meat to McGreevy's Midwest Meat Co., Inc. in Kansas, and fraudulently converting and transferring the sale proceeds of Plaintiff's buffalo with intent to hinder, delay or defraud Plaintiff.

45.     By receiving and selling stolen or converted bison meat from Defendants Lemmon and Pte Hca Ka, Inc., Defendants Timothy J. McGreevy and McGreevy's Midwest Meat Co., Inc. received income derived, directly or indirectly, from a pattern of racketeering activity and used or invested income or proceeds from such income to operate an enterprise engaged in interstate commerce.

46.     Defendants Lemmon, Pte Hca Ka, Inc., Timothy J. McGreevy and McGreevy's Midwest Meat Co. are liable to Plaintiff for conversion or negligent conversion of 308 head of buffalo for damages totaling their agreed value of $304,942.90 plus interest since August 31, 2006, because they took unlawful possession of the stolen or converted buffalo and meat and profited from the sale thereof, and they knew or should have known the buffalo and meat were stolen or converted goods.

47.     Plaintiff's actual damages as a result of the facts and causes of action alleged herein include the loss of 308 head of buffalo with an agreed value of $304,942.90 plus interest from August 31, 2006 as well as attorneys' fees, costs and expenses since August 31, 2006.

## COUNT I

### RICO § 1962(a)

48.     The preceding allegations are re-alleged and incorporated herein.

49.     Plaintiff is a person injured in his business or property by reason of a violation of 18 U.S.C. § 1962 by Defendants as alleged herein, and Plaintiff shall recover threefold the damages he sustained and the cost of this suit, including a reasonable attorney's fee.

50.     Defendant Roy Lemmon is a "person" capable of holding a legal or beneficial interest in property as defined by 18 U.S.C. § 1961(3).

51.     Defendant Pte Hca Ka, Inc. is a "person" capable of holding a legal or beneficial interest in property as defined by 18 U.S.C. § 1961(3).

52.     Defendant Pte Hca Ka, Inc. is an "enterprise" within the meaning of 18 U.S.C. § 1961(4).

53.     Defendant Timothy J. McGreevy is a "person" capable of holding a legal or beneficial interest in property as defined by 18 U.S.C. § 1961(3).

54.     Defendant McGreevy's Midwest Meat Co., Inc. is a "person" capable of holding a legal or beneficial interest in property as defined by 18 U.S.C. § 1961(3).

55.     Defendant McGreevy's Midwest Meat Co., Inc. is an "enterprise" within the meaning of 18 U.S.C. § 1961(4).

56.     Under 18 U.S.C. § 1962(a), Defendants Lemmon and Pte Hca Ka, Inc. are persons who used or invested income derived directly or indirectly from a pattern of racketeering activity in operation of an enterprise engaged in interstate commerce through the interstate purchase and sale of buffalo.

57.     Under 18 U.S.C. § 1962(a), Defendants Timothy J. McGreevy and McGreevy's Midwest Meat Co., Inc., are persons who used or invested income derived directly or indirectly from a pattern of racketeering activity in operation of an enterprise engaged in interstate commerce through the interstate purchase and sale of meat.

58.     Each shipment of buffalo as herein alleged between July 18, 2006 and August 31, 2006 from Plaintiff's custody and control to a feedlot or other location for slaughter, and each subsequent shipment of their meat to McGreevy's Midwest Meat Co., Inc. in Kansas, constitutes a separate predicate act establishing a "pattern of racketeering" as defined by 18 U.S.C. § 1961(5).

59.     The actions of Defendant Lemmon, acting individually and through Pte Hca Ka, Inc., constituted racketeering under 18 U.S.C. § 1961(1)(B) (2006) by violating, at minimum, the following sections of United States Code, Chapter 18:  Section 1343 (relating to wire fraud), and sections 2314 and 2315 (relating to interstate transportation of stolen property).

60.     Wire fraud under 18 U.S.C. § 1343 was committed by Defendant Roy Lemmon when he called Plaintiff on the telephone in or around July of 2006, devising or intending to obtain money or property by means of false or fraudulent pretenses, representations, or promises, to arrange the "purchase" and shipment of buffalo from Plaintiff as herein alleged.

61.     Transportation of stolen goods in interstate commerce occurred as proscribed by 18 U.S.C. § 2314 when Defendant Lemmon, individually and through Pte Hca Ka, Inc., unlawfully transported or directed the transport of 308 head of buffalo with a value of more than $5,000 from Plaintiff to slaughtering facilities alternately on the CRST Reservation and in Omaha, Nebraska, and subsequently transported or directed the transport of the buffalo meat to

McGreevy's Midwest Meat Co., Inc. in Wichita, Kansas, all without fully compensating or intending to fully compensate Plaintiff for the buffalo.

62.     Sale or receipt of stolen goods in interstate commerce occurred as proscribed by 18 U.S.C. § 2315 when Defendant Lemmon, individually and through Pte Hca Ka, Inc., knowingly received, possessed, and sold or disposed of 308 head of buffalo and the meat from their slaughter, which crossed a State boundary after being stolen, unlawfully converted, or taken; and when Defendants Timothy J. McGreevy and McGreevy's Midwest Meat Co., Inc. received the stolen meat in Kansas and sold it to fulfill a contract.

## COUNT II

### RICO § 1962(b)

63.     The preceding allegations are re-alleged and incorporated herein.

64.     Defendants Lemmon and Pte Hca Ka, Inc. are persons who maintained control of an enterprise engaged in interstate commerce involving purchase and sale of buffalo through a pattern of racketeering activity established by the fraudulent conversion or theft of sixteen different shipments of buffalo from July 18 to August 31, 2006 as proscribed under 18 U.S.C. § 1962(b).

65.     Each shipment of buffalo as herein alleged between July 18, 2006 and August 31, 2006 from Plaintiff's custody and control to a feedlot or other location for slaughter, and each subsequent shipment of their meat to McGreevy's Mid West Meat Co., Inc. in Kansas, constitutes a separate predicate act establishing a "pattern of racketeering" as defined by 18 U.S.C. § 1961(5).

66.     The actions of Defendants Lemmon and Pte Hca Ka, Inc. constituted racketeering under 18 U.S.C. § 1961(1)(B) (2006) by violating, at minimum, the following sections of United

States Code, Chapter 18: Section 1343 (relating to wire fraud), and sections 2314 and 2315 (relating to interstate transportation of stolen property).

67.    Wire fraud under 18 U.S.C. § 1343 was committed by Defendant Lemmon, individually and through Pte Hca Ka, Inc., when he called Plaintiff on the telephone in or around July of 2006, devising or intending to obtain money or property by means of false or fraudulent pretenses, representations, or promises, to arrange the "purchase" and shipment of buffalo from Plaintiff without payment therefore as herein alleged.

68.    Transportation of stolen goods in interstate commerce occurred as proscribed by 18 U.S.C. § 2314 when Defendant Lemmon, individually and through Pte Hca Ka, Inc., unlawfully transported or directed the transport of 308 head of buffalo with a value of more than $5,000 from Plaintiff to slaughtering facilities alternately on the CRST Reservation and in Omaha, Nebraska, and subsequently transported or directed the transport of the buffalo meat to McGreevy's Midwest Meat Co., Inc. in Wichita, Kansas, all without fully compensating or intending to fully compensate Plaintiff for the buffalo.

69.    Sale or receipt of stolen goods in interstate commerce occurred as proscribed by 18 U.S.C. § 2315 when Defendant Lemmon, individually and through Pte Hca Ka, Inc., knowingly received, possessed, and sold or disposed of 308 head of buffalo and the meat from their slaughter, which crossed a State boundary after being stolen, unlawfully converted, or taken; and when the meat was received in Kansas by Defendants Timothy J. McGreevy and McGreevy Midwest Meat Co., Inc. and then sold to fulfill their contract.

## COUNT III

### RICO § 1962(c)

70.    The preceding allegations are re-alleged and incorporated herein.

71.     Under 18 U.S.C. § 1962(c), Defendants Lemmon and Pte Hc Ka, Inc. are persons employed by or associated with an enterprise engaged in or whose activities affect interstate commerce involving purchase and sale of buffalo who conducted or participated, directly or indirectly, in the conduct of the enterprise through a pattern of racketeering activity established by the fraudulent conversion or theft of sixteen different shipments of buffalo from July 18 to August 31, 2006, the subsequent interstate shipment, slaughter, and sale of their meat to McGreevy's in Kansas, and the subsequent conversion and transfer(s) of the proceeds to persons or entities other than Plaintiff.

72.     Under 18 U.S.C. § 1962(c), Defendants Timothy J. McGreevy and McGreevy's Midwest Meat Co., Inc. are persons employed by or associated with an enterprise engaged in or whose activities affect interstate commerce, which involve Defendants Lemmon and Pte Hca Ka, Inc.'s interstate sale of buffalo as well as Timothy J. McGreevy and McGreevy's Midwest Meat Co., Inc.'s purchase and sale of meat, who conducted or participated, directly or indirectly, in the conduct of an enterprise through a pattern of racketeering activity established by the fraudulent conversion or theft of sixteen different shipments of buffalo from July 18 to August 31, 2006, the subsequent interstate shipment, slaughter, and sale of their meat to McGreevy's in Kansas, and the subsequent conversion and transfer(s) of the proceeds to persons or entities other than Plaintiff.

73.     Each shipment of buffalo as herein alleged between July 28, 2006 and August 31, 2006 from Plaintiff's custody and control to a feedlot or other location for slaughter, and each subsequent shipment of their meat to McGreevy's Mid West Meat Co., Inc. in Kansas, constitutes a separate predicate act establishing a "pattern of racketeering" as defined by 18 U.S.C. § 1961(5).

74.    The actions of Defendants Lemmon and Pte Hca Ka, Inc. constituted racketeering under 18 U.S.C. § 1961(1)(B) (2006) by violating, at minimum, the following sections of United States Code, Chapter 18:  Section 1343 (relating to wire fraud), and sections 2314 and 2315 (relating to interstate transportation of stolen property).

75.    Wire fraud under 18 U.S.C. § 1343 was committed by Defendant Lemmon individually and through Pte Hca Ka, Inc. when he called Plaintiff on the telephone in or around July of 2006, devising or intending to obtain money or property by means of false or fraudulent pretenses, representations, or promises, to arrange the "purchase" and shipment of buffalo from Plaintiff as herein alleged.

76.    Transportation of stolen goods in interstate commerce occurred as proscribed by 18 U.S.C. § 2314 when Defendant Lemmon, individually and through Pte Hca Ka, Inc., unlawfully transported or directed the transport of 308 head of buffalo with a value of more than $5,000 from Plaintiff to slaughtering facilities alternately on the CRST Reservation and in Omaha, Nebraska, and subsequently transported or directed the transport of the buffalo meat to McGreevy's Midwest Meat Co., Inc. in Wichita, Kansas, all without fully compensating or intending to fully compensate Plaintiff for the buffalo.

77.    Sale or receipt of stolen goods in interstate commerce occurred as proscribed by 18 U.S.C. § 2315 when Defendant Lemmon, individually and through Pte Hca Ka, Inc., knowingly received, possessed, and sold or disposed of 308 head of buffalo and the meat from their slaughter, which crossed a State boundary after being stolen, unlawfully converted, or taken.

## COUNT IV

### CONVERSION

78.     The preceding allegations are re-alleged and incorporated herein.

79.     Defendants Roy Lemmon, Pte Hca Ka, Inc., Timothy J. McGreevy, and McGreevy's Midwest Meat Co., Inc. are jointly and severally liable to Plaintiff for conversion of 308 head of Plaintiff's buffalo and sale of their meat and disposition of the proceeds thereof without compensation to Plaintiff therefor.  Defendants Lemmon and Pte Hca Ka, Inc. are liable for the actual conversion of Plaintiff's buffalo and the proceeds thereof, and Defendants Timothy J. McGreevy and McGreevy's Midwest Meat Co., Inc. are liable for knowing, reckless, or negligent conversion of meat they knew or should have known was stolen or converted property.

## COUNT V

### FRAUD AND DECEIT

80.     The preceding allegations are re-alleged and incorporated herein.

81.     Defendants Roy Lemmon and Pte Hca Ka, Inc. are jointly and severally liable to Plaintiff for his actual damages for the loss of 308 head of his buffalo and the proceeds thereof, caused by such Defendants' fraudulent and deceitful conduct as above alleged.  In addition, such Defendants are jointly and severally liable to Plaintiff for punitive damages and other relief as requested herein.

## COUNT VI

### FRAUDULENT CONVEYANCE

82.     The preceding allegations are re-alleged and incorporated herein.

83.     Defendants Roy Lemmon and Pte Hca Ka, Inc., on information and belief, received at least $304,942.90 from Defendants McGreevy's Midwest Meat Co., Inc. and/or

Timothy J. McGreevy on or after the period from July 18, 2006 to August 31, 2006, to be paid to Plaintiff on account of the indebtedness owed to Plaintiff for his 308 head of buffalo.

83.    Following Defendants Lemmon's and Pte Hca Ka, Inc's receipt of such funds to be paid to Plaintiff, on information and belief, Defendants Lemmon and Pte Hca Ka transferred and distributed such funds to one or more persons or entities other than Plaintiff, with the intent and for the purpose of hindering, delaying or defrauding the collection of such indebtedness by Plaintiff.

84.    Plaintiff is entitled to judgment avoiding and setting aside Defendants Lemmon's and Pte Hca Ka, Inc.'s transfers of the proceeds of Plaintiff's buffalo and ordering the return thereof to Plaintiff; imposing and declaring a constructive or equitable trust upon such proceeds for the benefit of Plaintiff and ordering the disgorgement and return thereof to Plaintiff; requiring Defendants Lemmon and Pte Hca Ka, Inc. and their transferees to provide an accounting of the receipt and disposition of such proceeds; and granting all other appropriate equitable and legal relief based on such fraudulent transfers.

## COUNT VII

### MONEY HAD AND RECEIVED

85.    The preceding allegations are re-alleged and incorporated herein.

86.    Defendants Roy Lemmon and Pte Hca Ka, Inc. jointly and severally owe Plaintiff at least $304,942.90 plus interest thereon after August 31, 2006, for money had and received from Defendants McGreevy's Midwest Meat Co., Inc. and/or Timothy J. McGreevy on or after the period from July 18, 2006 to August 31, 2006, to be paid by Defendants Roy Lemmon and Pte Hca Ka, Inc. to Plaintiff.

## COUNT VIII

### GOODS SOLD AND DELIVERED

87.     The preceding allegations are re-alleged and incorporated herein.

88.     Defendants jointly and severally owe Plaintiff at least $304, 942.90 plus interest thereon after August 31, 2006, for goods sold and delivered by Plaintiff during the period from July 18, 2006 to August 31, 2006.

## COUNT IX

### UNJUST ENRICHMENT

89.     The preceding allegations are re-alleged and incorporated herein

90.     Plaintiff is entitled to judgment against Defendants Lemmon and Pte Hca Ka, Inc., jointly and severally, for damages of at least $304,942.90 plus interest thereon after August 31, 2006 on grounds that such Defendant were unjustly enriched by the sale to McGreevy's Midwest Meat Co., Inc. of the meat from 308 head of buffalo taken from Plaintiff without compensation.

## COUNT X

### PUNITIVE DAMAGES

91.     The conduct of Defendants Roy Lemmon and Pte Hca Ka, Inc., as above alleged, was on information and belief such as to constitute oppression, fraud or malice, actual or presumed, and/or wrongful injury to animals, being subjects of property, committed intentionally or by willful and wanton misconduct, such that said Defendants are jointly and severally liable to Plaintiff for punitive damages, for the sake of example and by way punishing said Defendants.

## **PRAYER FOR RELIEF**

**WHERFORE**, Plaintiff demands judgment and relief against Defendants as follows:

A.       Pursuant to Counts I, II and III, granting judgment to Plaintiff against Defendants Roy Lemmon, Pte Hca Ka, Inc., Timothy J. McGreevy and McGreevy's Midwest Meat Co., Inc., jointly and severally, for a total of triple the sum of $304,942.90 plus interest since August 31, 2006, plus the costs of this suit and attorneys fees, as provided under 18 U.S.C. § 1964(c) (2006);

B.       Granting appropriate declaratory or injunctive relief under 18 U.S.C. § 1964(a);

C.       In the alternative or, as appropriate, in addition to the relief requested above, granting judgment to Plaintiff pursuant to Counts IV and/or VIII against Defendants Roy Lemmon, Pte Hca Ka, Inc., Timothy J. McGreevy and McGreevy's Midwest Meat Co., Inc., jointly and severally, for Plaintiff's actual damages of at least $304,942.90 plus interest after August 31, 2006;

D.       In the alternative or, as appropriate, in addition to the relief requested above, granting judgment to Plaintiff pursuant to Counts V, VI, VII, IX and/or X against Defendants Roy Lemmon and Pte Hca Ka, Inc., jointly and severally, for Plaintiff's actual damages of at least $304,942.90 plus interest after August 31, 2006, plus punitive damages in an amount to be determined by the jury;

E.       In the alternative or, as appropriate, in addition to the relief requested above, granting judgment to Plaintiff pursuant to Count VI, avoiding and setting aside Defendants Lemmon's and Pte Hca Ka, Inc.'s transfers of the proceeds of Plaintiff's buffalo and ordering the return thereof to Plaintiff; imposing and declaring a constructive or equitable trust upon such proceeds for the benefit of Plaintiff and ordering the disgorgement and return thereof to Plaintiff; requiring Defendants Lemmon and Pte Hca Ka, Inc. and their transferees to provide an

accounting of the receipt and disposition of such proceeds; and granting all other appropriate

equitable and legal relief based on such fraudulent transfers;

  F.  Awarding Plaintiff its costs and disbursements and reasonable attorney fees in this

action; and

  G.  Granting all such further relief as the Court may deem appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

  Dated November 6, 2009.

        HALL LAW FIRM

        Ronald J. Hall
        202 S. Main Street Suite 310
        Aberdeen, SD  57401-4114
        Tel:  (605) 225-1652
        Fax: (605) 225-0761
        Email: ron@rhalllaw.com

        Attorney for Plaintiff

        OF COUNSEL:

        Marvin T. Fabyanske
        FABYANSKE, WESTRA, HART & THOMSON, PA
        LaSalle Plaza
        800 LaSalle Ave. Ste 1900
        Minneapolis, MN  55402
        Tel: (612) 359-7600
        Fax: (612) 359-7650
        Email: MFabyanske@fwhtlaw.com

        Allison F. Eklund
        EKLUND LAW, PC
        126 N. 3rd Street, Ste. 309
        Minneapolis, MN  55401
        Tel:  (651) 592-7858
        Fax:  (651) 305-0873
        Email: allison@eklund-law.com