UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| CLINT AMIOTTE, | * | CIV 09-3027-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | DENYING MOTIONS FOR |
| | * | JUDGMENT ON THE |
| ROY G. LEMMON, | * | PLEADINGS |
| PTE HCA KA, INC., | * | |
| TIMOTHY J. MCGREEVY, and | * | |
| MCGREEVY'S MIDWEST MEAT CO., | * | |
| INC., | * | |
| | * | |
| Defendants. | * | |

On November 9, 2009, Plaintiff Clint Amiotte ("Amiotte") filed his Complaint against Defendants Roy G. Lemmon, Pte Hca Ka, Inc., Timothy J. McGreevy, and McGreevy's Midwest Meat Co., Inc. (collectively "Defendants"). (Doc. 1). The Complaint alleged ten separate causes of action, the first three of which involved federal jurisdiction under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(a) and (c). The remaining seven causes of action allege state or common law claims.

There is no diversity of citizenship jurisdiction involved in this case. Defendants Timothy J. McGreevy and McGreevy's Midwest Meat Co., Inc. (collectively "the McGreevy Defendants" and separately "McGreevy" and "McGreevy's Midwest") are Kansas citizens. However, both Amiotte and Defendant Roy G. Lemmon ("Lemmon") are South Dakota citizens, and Pte Hca Ka, Inc. ("Pte Hca Ka") is a business corporation organized under the laws of the Cheyenne River Sioux Tribe with its center apparently located in Gettysburg, South Dakota.

The Complaint arises out of Amiotte's sale of 308 head of buffalo for slaughter to Pte Hca Ka in 16 separate shipments between July 18 and August 31, 2006. Defendant Lemmon was the director of Pte Hca Ka. Lemmon called Amiotte in July of 2006, solicited Amiotte to sell buffalo to Pte Hca Ka, told Amiotte that the meat would be sold to McGreevy's Midwest, in Kansas, and informed Amiotte what the purchase price would be. (Doc. 1 at ¶ 13-15). Lemmon arranged the shipments of Amiotte's buffalo. (Doc. 1 at ¶ 15-30). Pte Hca Ka slaughtered 133 head of buffalo at its facility in Gettysburg, 175 head of buffalo were slaughtered at a facility in Omaha, and all of the resulting meat ended up with McGreevy's Midwest. (Doc. 1 at ¶ 31).

Amiotte received a check for $12,337.10 from Pte Hca Ka that was returned for insufficient funds. Amiotte received assurances that he would get paid by Pte Hca Ka. Amiotte later received $17,500 for the buffalo in two checks, one for $10,000 from the Comptroller of the Cheyenne River Sioux Tribe, and one for $7,500 from Pte Hca Ka's American State Bank account. (Doc. 1 at ¶ 35). Amiotte, as of the time of the Complaint, had not received any other payment. (Id.). Amiotte claims compensatory damages of $304,942.90, plus interest since August 31, 2006, punitive damages, and other relief. Pte Hca Ka did not answer, resulting in a default judgment entering against it. (Doc. 59).

Amiotte called McGreevy after learning that McGreevy's Midwest had received the buffalo meat. (Doc. 1 at ¶ 34). McGreevy informed Amiotte that McGreevy's Midwest had bought the meat from Pte Hca Ka and had paid Pte Hca Ka, but would not share documentation regarding the transactions or payments. (Id.).

Amiotte's Complaint focuses many allegations of fraud and wrongdoing on Pte Hca Ka and Lemmon. In regard to the McGreevy Defendants, Amiotte's complaint alleges that those Defendants received and sold stolen buffalo meat and thereby

> "received income derived, directly or indirectly, from a pattern of racketeering activity and used or invested income or proceeds from such income to operate an enterprise engaged in interstate commerce."

(Doc. 1 at ¶ 45). Amiotte's Complaint then pleads against all Defendants three RICO-based counts: Count I - RICO § 1962(a); Count II - RICO § 1962(b); and Count III - RICO 1962(c). Amiotte invokes the Court's supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining seven claims. (Doc. 1 at ¶ 3). Of those claims, Counts IV and VIII plead claims against all of the Defendants for conversion and goods sold and delivered respectively. (Doc. 1 at ¶ 78, 79, 87, and 88). The remaining claims - for fraud and deceit, fraudulent conveyance, money had and received, unjust enrichment and punitive damages - are plead against only Pte Hca Ka and Lemmon. (Doc. 1 at ¶ 80-86, 89-91).

On June 14, 2010, the McGreevy Defendants filed a Motion for Judgment on the Pleadings. (Doc. 46). The McGreevy Defendants argue that Amiotte has failed to state claims under RICO because there is no alleged "pattern of racketeering," because Amiotte has not alleged injury from alleged investment of racketeering income under § 1962(a), and because Amiotte has not alleged an "enterprise" under § 1962(c). The McGreevy Defendants argue that the exercise of supplemental jurisdiction over the remaining state law claims would be improper once the RICO claims are dismissed. (Doc. 47). Amiotte resists the motion of the McGreevy Defendants.

On July 12, 2010, Lemmon filed his own Motion for Judgment on the Pleadings (Doc. 50). Perhaps as a compliment to the quality of the work of counsel for the McGreevy Defendants and perhaps to save his client additional attorney's fees, Lemmon's memorandum of law restates verbatim the arguments of the McGreevy Defendants. (Doc . 50-1).

Defendants' motions invoke Rule 12(c) of the Federal Rules of Civil Procedure. Such a motion is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Wescott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). "When considering a motion for judgment on the pleadings, the Court is required to accept as true all factual allegations set out in the complaint and to construe the complaint in the light most favorable to the non-movant." Montize v. Pittman Prop. Ltd. P'ship No. 1, No. 07-CV-1073, 2010 WL 964427 at *1 (W.D. Ark. 2010) (citing Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009)). The Court need not accept as true legal conclusions plead in the Complaint. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Judgment on the pleadings is proper when "no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Faibisch v. University of Minnesota, 304 F.3d 797, 803 (8th Cir. 2002) (citation omitted).

Having considered the well plead factual allegations of the Complaint, the RICO statutes and cases decided thereunder, the Court is skeptical that Amiotte has a viable RICO claim against the McGreevy Defendants. However, the Court's skepticism is not sufficient grounds to grant a motion. Construing the Complaint in the light most favorable to Amiotte, the Court has decided to deny the Motion for Judgment on the Pleadings of the McGreevy Defendants. Discovery in this case is set to conclude on December 14, 2010. Thereafter, if

the Defendant thinks that summary judgment is justified the Court can determine based on what undisputed material facts exist, whether the Court's skepticism was well-founded or misguided. Lemmon, likewise, is not entitled to judgment on the pleadings. Therefore, for good cause, it is

ORDERED that the Motion for Judgment on the Pleadings (Doc. 46) of the McGreevy Defendants is denied. It is further

ORDERED that the Motion for Judgment on the Pleadings (Doc. 50) of Defendant Lemmon is denied.

Dated October 12, 2010.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE